In the Matter of the Claim of CATHERINE P. HARRIS, Respondent, against HENRY CHENEY HAMMER CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 4, 1927.

**Workmen's compensation — injury arising out of and in course of employment — employee, engaged as night watchman, was, while going to his work, killed at grade crossing — injury did not occur in course of employment.**

The injury, resulting in the death of the employee, did not occur in the course of his employment, since it appears that he was engaged as a night watchman; that he was required, in going to and from his work, to pass over a railroad crossing at grade; and that at the time of the accident the railroad gates were down, but he entered the crossing and was killed. Under the circumstances, the accident did not, although the decedent was on his way to work, occur in the course of his employment.

APPEAL by the defendants, Henry Cheney Hammer Corporation and another, from an award of the State Industrial Board made on the 23d day of March, 1926.

*E. C. Sherwood [William B. Davis* of counsel] for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

WHITMYER, J. Whether or not the accident, which resulted in the death of deceased, arose out of and in the course of his employment is the question.

The employer manufactured hammers. Deceased was a night watchman in its employ. He was struck and killed by a New York Central train at the Fifth street crossing, Little Falls, N. Y., on Sunday, May 24, 1925, at five-four P. M. The company's plant was located on Mill street, which is south of and parallel to the tracks. The crossing is over six tracks and the southerly end is about fifty feet from the nearest entrance to the plant. The railroad company maintained gates and kept a gatetender there. Deceased lived on the northerly side. He had been accustomed to commence his work at six P. M. On this day, by a new arrangement, he had been asked to commence at five P. M., and he was hurrying. He was obliged to cross the tracks. That was the way for all. There was no way to cross by an overhead without going half a mile beyond. When he reached the tracks the gates were down. He went under the gates and was struck by a train and killed on the crossing.

The case of *Cudahy Packing Co.* v. *Parramore* (263 U. S. 418) is relied upon to sustain the award. That case arose under the provisions of the Utah Workmen's Compensation Act, which provides for the payment of compensation for personal injury or death of an employee by accident " arising out of or in the course of his employment." (Compiled Laws of Utah, 1917, § 3113, as amd. by Utah Laws of 1919, chap. 63.) The language is in the disjunctive. Our Workmen's Compensation Law (§§ 10, 2, subd. 7), however, defines an accidental injury as one " arising out of and in the course of the employment," and provides for compensation only in such cases. The language is in the conjunctive and, under our decisions, both elements must be present. (*Pierson* v. *Interborough Rapid Transit Co.*, 184 App. Div. 678; affd., 227 N. Y. 666; *Tallon* v. *Interborough Rapid Transit Co.*, 232 id. 410, 414; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 id. 489.) Deceased was a plant worker. He met his accident on his way to work, before reaching his employer's premises, and even if it may be said that his accident arose out of his employment on the theory that he was hurrying to his work in the interest of his employer, nevertheless he was not yet at work and the accident did not occur in the course of his employment. (*Matter of Lampert* v. *Siemons*, 235 N. Y. 311, 313.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

VAN KIRK, Acting P. J., HINMAN, McCANN and DAVIS, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.