■ In the Matter of the Claim of IRENE TRENT, Respondent, v. COLLINS TUTTLE & Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of benefits on the ground that claimant's injuries did not arise out of and in the course of employment. On the afternoon of October 10, 1962 claimant, an executive secretary, was informed by a vice-president of the employer that he needed a report by 9:15 A.M. on the following day, "regardless of what she had to do to get it in." Claimant worked on the report at the office until 7:45 P.M., her usual quitting time was 6:00 P.M., and at home until 10:45 P.M. At this point she had the report completed except for typing which she planned to do in the office the following morning. The next morning to allow herself enough time to complete her typing before the 9:15 deadline, she left her home 30 to 40 minutes earlier than usual. Unfortunately, while alighting from a bus at 42nd Street and Fifth Avenue, she fell injuring her head and ankle. On this state of the record the board found: " [t]he claimant was in the course of her employment when she fell from the bus while carrying the employer's report, which she had worked on at home until late the previous night and because of which she left home earlier than usual that morning. This was at the employer's direction and for the employer's benefit and constituted an extension of employment beyond office hours." We do not find the board's determination to be warranted in the instant case. The general rule is that the risks of travel to and from work are not risks of employment. (E.g., *Matter of DeVoe* v. *New York State Rys.,* 218 N. Y. 318.) Over the years, however, exceptions to this basic rule have developed. For example an employment relationship had been found where the employee is an " outside " employee (e.g., *Matter of Fonze* v. *Stuyvesant Oil Burner Corp.,* 10 A D 2d 761), where the employee is traveling or transportation is provided or paid for by the employer (e.g., *Matter of Macaluso* v. *Alexander, Shumway & Utz Co.,* 11 A D 2d 838), or where the employee has been instructed to perform a " special errand " for his employer on his way to work. (E.g., *Matter of Rapp* v. *Furniture Express,* 16 A D 2d 855.) Respondent suggests that its holding here is simply a logical extension of the " special errand " rule. It is urged that since claimant had left her home earlier than usual and was carrying with her a report which she had worked on at home on the previous evening, she was not merely going from her home to her place of employment but rather from one location where she had performed duties for her employer (her home) to another location where she would complete those duties (the office). If this argument were accepted, any time an employee performed even an occasional piece of work at home at his employer's direction or even with his employer's permission or knowledge express or implied the risks of travel to and from employment on such an occasion would be incidents of employment. Such a position is untenable. Rather it would seem that unless the employee's home is truly a second employment location in that more than occasional employment services are required to be rendered there (see *Matter of Tiernan* v. *Potter,* 281 App. Div. 787) travel to and from work is not a risk of employment. Here claimant on her own initiative and without her

employer's knowledge chose to take the work home rather than complete it at her place of employment. Such action alone does not create a second situs of employment. Nor does the fact that she altered her schedule to arrive early to complete her assignment affect the result since it has no bearing on the happening of the accident. In summary the record herein does not contain sufficient factors connecting the travel involved to employment to remove the instant case from the general rule that the risks of travel to and from work are not incidents of employment. Decisions reversed and claim dismissed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.