# LAURA STOSKIN *v.* BOARD OF EDUCATION OF MONTGOMERY COUNTY AND NATIONWIDE MUTUAL INSURANCE COMPANY

[No. 273, September Term, 1970.]

*Decided March 9, 1971.*

The cause was argued before MURPHY, C.J., and AN-
DERSON and MORTON, JJ.

*Eugene A. Alexander,* with whom was *Sidney Blum* on
the brief, for appellant.

*Theodore B. Cornblatt,* with whom was *Alfred M.
Porth* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

The sole question presented by this Workmen's Com-
pensation appeal is whether appellant sustained an acci-
dental personal injury arising out of and in the course of
her employment as a schoolteacher with the appellee
Board of Education.[1] The Workmen's Compensation Com-
mission found that she had not; on appeal the Circuit
Court for Montgomery County, sitting without a jury,
affirmed the ruling of the Commission.

The pertinent facts are these: Appellant contracted to
teach in Maryland shortly before the opening of the Fall
semester in 1963. As she had been unable to attend the
pre-school teacher orientation program conducted by the
Board, she conferred with the principal of the elementary
school to which she was assigned the day before school
was to open. The principal told her of the school routine,
gave her some books containing courses of study, and
told her to familiarize herself with them before school
opened. Appellant took the material home with her and
studied it that night. The next morning—the first day of
school — appellant was driven to work by a friend who
had no connection with the appellee Board. When she ar-

---

1. See Maryland Code, Article 101, Section 15.

rived outside the school grounds, the car stopped on the public street. As appellant stepped out of it, carrying the school books which she had taken home with her the previous night, a coca-cola bottle rolled out of the car and landed beneath her feet, thereby causing her to slip and fall at a point within the public right-of-way.

Appellant claims on appeal, as she did below, that her injury was compensable under the so-called "proximity rule." That rule—an exception to the general "going and coming" rule [2]—"is that an employee is generally considered to be in the course of his employment while coming to or going from his work, when, though off the actual premises of his employer, he is still in close proximity thereto, and is proceeding diligently at an appropriate time, by reasonable means, over the natural, practical, customary, convenient and recognized way of ingress or egress, either on land under the control of the employer, or on adjacent property with the express or implied consent of the employer." *Maryland Paper Products Company v. Judson,* 215 Md. 577, 585. As analyzed in *Pariser Bakery v. Koontz,* 239 Md. 586, 591, the rule "allows compensation for an injury to an employee when, under the special facts of the case, the employment itself involves peculiar and abnormal exposure to a common peril which is annexed as a risk incident to the employment." The gravamen of the proximity rule "is not that the employee is in close proximity to his place of employment, but rather that by reason of such proximity, the employee is subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected." *Pariser Bakery,* at page 591.

The lower court found that the proximity rule did not apply "because claimant was not, by reason of her proximity to the school, subjected to any special danger different from that to which the general public was sub-

---

2. Employees who suffer injuries in going to and returning from their places of work are excluded from the benefits of the Workmen's Compensation Act. *Salomon v. Springfield Hospital,* 250 Md. 150.

jected." The court's finding is amply supported by the record; indeed, no other conclusion was even remotely possible in view of the evidence. *Compare Salomon v. Springfield Hospital, supra; Maryland Paper Products Co. v. Judson, supra.*

Appellant next contends that because she had been required by her employer to take school books home with her the night before the accident, and to become familiar with them prior to the opening of school in the morning, the accident which befell her while returning with the books to the school premises the following day was one arising out of and in the course of her employment. She relies on the so-called "dual purpose" doctrine. That doctrine, which is generally applicable to trips to and from work, is to the effect that injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey. 1 Larson's Workmen's Compensation Law, Section 18.00. See also Annotations, 83 A.L.R. 216; 92 A.L.R. 1036. Of course, the *mere* fact that the employee is, while going to work, carrying some of the paraphernalia of his employment does not, of itself, convert the trip into a part of his employment. Larson, Section 18.24. And if the work is done at home for the employee's convenience, the going and coming trip is not a business trip within the dual purpose doctrine, since serving the employee's own convenience in selecting an off-premises place in which to do the work is a personal and not a business purpose. *Ibid,* Section 18.33.

The lower court disposed of appellant's "dual purpose" contention by finding, first, that her accident was not compensable merely because she was carrying school books when it occurred and, second, that the school books in no way contributed to the accident. It viewed the case as one in which appellant, when injured, was on a pub-

lic street "simply going to work," for which no compensation could be paid.

We think it plain that the "dual purpose" doctrine has no application to the facts of this case. At best, the record shows that appellant's employer gave her school books to study and become familiar with before the opening of school the following day, and that appellant was carrying them when she slipped on a coca-cola bottle off the school premises when coming to work. There is no evidence showing any agreement, either express or implied, between appellant and her employer that appellant was undertaking, outside of her regular place of employment, a special assignment for her employer's benefit, commencing from the time she left the school premises with the books and continuing, without interruption, until she returned to the school the following day. *Cf. Quarant v. Industrial Commission*, 231 N.E.2d 397 (Ill.). Even if it could be concluded that appellant was in the course of her employment when reviewing the school books, we think her review necessarily ended before she began her regular trip to work the following day. We thus conclude that this case comes squarely within the general rule that employees who suffer injuries on their way to work are excluded from benefits of the Workmen's Compensation Act. *Compare Salomon v. Springfield Hospital, supra; Police Commissioner v. King*, 219 Md. 127; *Watson v. Grimm*, 200 Md. 461; *Atlantic Refining Company v. Forrester*, 180 Md. 517; *Reisinger-Siehler Company v. Perry*, 165 Md. 191.

*Judgment affirmed; appellant to pay costs.*