HARRIET PAPPAS *v.* THE MODERN
MANUFACTURING CO. ET AL.

[No. 95, September Term, 1971.]

*Decided February 29, 1972.*

The cause was argued before MURPHY, C. J., and
ANDERSON and CARTER, JJ.

*Konstantine J. Prevas* for appellant.

*Charles R. Goldsborough, Jr., Assistant Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *J. Howard Holzer, Special Attorney,* on the brief, for appellees.

ANDERSON, J., delivered the opinion of the Court.

This is an appeal on behalf of Harriet Pappas, appellant-claimant, from a judgment in the Baltimore City Court in favor of The Modern Manufacturing Company, appellee-employer (hereinafter called Modern), and the State Accident Fund, appellee-insurer. The Workmen's Compensation Commission found that the claimant had sustained an accidental personal injury arising out of and in the course of her employment. On appeal to the Baltimore City Court, the court, sitting non-jury, found that the injuries sustained by the claimant did not arise out of and in the course of her employment, and reversed the ruling of the Commission.

The case was submitted on the record before the Commission and there was no dispute as to the facts. The pertinent facts are as follows: Appellant, Harriet Pappas, had been employed as a seamstress by Modern for more than six years prior to the happening of the accident which occurred on January 7, 1970. Modern is a concern engaged in the garment business. Its plant is located at 501 E. Preston Street, Baltimore, in a building owned by Industrial Building Associates, from which it leases space for the operation of its business. For some time prior to July 1969 appellant's employer, Modern, was experiencing difficulty in keeping experienced employees such as women seamstresses since it had no parking facilities. As a result, its employees were often forced to park their cars several blocks away from their work and there were numerous instances where they were subjected to assaults, purse snatchings, and vandalism to their automobiles.

As a solution to the problem the employer, Modern, made arrangements with its landlord to have parking facilities made available to its employees. In June 1969 its landlord cleared a lot owned by it adjacent to its building in which Modern's plant was located and made it into a parking lot for the convenience of Modern's employees.

In July 1969 a parking space on the lot was provided for the appellant by her employer and she agreed that $6.00 each month would be deducted from her pay check for the use of the parking space. At that time the appellant was given a card to keep in her car as evidence to the lot attendant that she had a parking space on the lot. Thereafter, each morning, when she came to work she would drive her car into the parking lot, park in the space designated by the lot attendant, leave the parking lot by the gate and enter a ten foot alley between the building where she worked and the parking lot. She would then walk north in the alley one-half block to Preston Street, and turn west on Preston Street twenty feet to the entrance to the building. This was the direct route from the parking lot to her place of employment.

On the morning of January 7, 1970, appellant arrived for work at approximately 7:45 a.m., and parked her car in the parking space designated by the lot attendant. After leaving her car, she proceeded towards the gate to enter the alley and continue in a direct route to her place of employment. It had snowed the night before and underneath the snow was ice in some places which she was unable to see. While still on the parking lot she slipped on some ice and fell, fracturing her right arm. It is from this accidental personal injury that she now seeks to recover under the provisions of the Workmen's Compensation Act, Art. 101, § 15, Maryland Code (1964 Repl. Vol.).

The sole question on appeal is whether the appellant, Harriet Pappas, sustained an accidental personal injury arising out of and in the course of her employment with Modern.

For the appellant to recover she must prove that the accidental personal injury arose "out of" and "in the course of" her employment, as both must be satisfied by the claimant to bring her case within the operation of the Act. The words "out of" refer to the cause or origin of the accident, while the phrase "in the course of" refers to the time, place and circumstances under which it occurs. An injury arises out of employment when it results from some obligation, condition or incident of the employment, under the circumstances of the particular case. An injury arises in the course of employment when it occurs during the period of employment at a place where the employee reasonably may be in the performance of his or her duties and while he or she is carrying out those duties or something incident thereto. See *Proctor-Silex v. DeBrick,* 253 Md. 477, 480, 252 A. 2d 800. *Pariser Bakery v. Koontz,* 239 Md. 586, 590, 212 A. 2d 324; *Dept. of Correction v. Harris,* 232 Md. 180, 192 A. 2d 479.

In the instant case the appellant had arrived on the parking lot and parked in her designated parking space prior to beginning her actual duties. At the time of the accident, which occurred on the parking lot, she was proceeding to work by the shortest and most direct route. It is unquestioned that an employee is in the course of his or her employment where he or she is injured before the hour of work while on the premises for the purpose of engaging in the day's work. *Giant Food, Inc. v. Gooch,* 245 Md. 160, 225 A. 2d 431; *Proctor-Silex v. DeBrick, supra.*

The appellees contend that the accidental injury suffered by the appellant did not arise out of and in the course of her employment since the injury occurred either on a parking lot or in a public alley, neither of which were owned or controlled by the appellant's employer; and that appellant's injury was not one which followed as a natural incident of her work as a seamstress nor resulted from a causative danger peculiar to her work, or have its origin in a risk in any way con-

nected with her employment. They argue that appellant's claim comes under the "going and coming rule." It has been generally held that employees who suffer injuries in going to or returning from work are excluded from the benefits of the Workmen's Compensation Act. *Pariser Bakery v. Koontz, supra; Saylor v. Black and Decker Mfg. Co.*, 258 Md. 605, 267 A. 2d 81; *Stoskin v. Board of Education*, 11 Md. App. 355, 274 A. 2d 397. The rule applies, in particular, to injuries occurring on a public street or highway.

However, there are certain exceptions to the rule, such as, the premises rule and the proximity rule as enunciated in *Proctor-Silex v. DeBrick, supra*, and *Saylor v. Black and Decker Mfg. Co., supra*. Appellant contends that she is entitled to recover under the proximity rule as enunciated in Schneider, *Workmen's Compensation* (1951) Vol. 8, § 1724 which says:

> "The proximity rule exception to the general going and coming rule is that an employee is generally considered to be in the course of his employment while coming to or going from his work, when, though off the actual premises of his employer, he is still in close proximity thereto, and is proceeding diligently at an appropriate time, by reasonable means, over the natural, practical, customary, convenient and recognized way of ingress or egress, either on land under the control of the employer, or on adjacent property with the express or implied consent of the employer."

See *Maryland Paper Products Company v. Judson*, 215 Md. 577, 585, 139 A. 2d 219; *Stoskin v. Board of Education, supra*.

As analyzed in *Pariser Bakery v. Koontz*, 239 Md. 586, 591, the rule "allows compensation for an injury to an employee when, under the special facts of the case, the employment itself involves peculiar and abnormal exposure to a common peril which is annexed as a risk

incident to the employment." The gravamen of the proximity rule "is not that the employee is in close proximity to his place of employment, but rather that by reason of such proximity, the employee is subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected." *Pariser Bakery,* at page 591.

The facts, which are undisputed, show that the employer, Modern, was in dire need of a parking lot for its employees who, for lack of parking facilities, had been subjected to various forms of abuse as a result of being forced to park their cars at a distance from the building in which they worked. To relieve this situation, the owner of the building, who was also the employer's landlord, agreed to furnish a parking lot primarily for the employees of its tenant, the employer, and supply them with safe parking. The lot was enclosed by a wire fence with a gate for ingress or egress. The employer was to have first preference to all spaces on the lot for its employees. A rental was to be paid to the landlord of $14.00 per month for each space occupied by its employees. Upon completion of the lot, the employer offered each of its employees a parking space upon the lot for a rental of $6.00 per month, said sum to be deducted from their pay checks. The remaining cost of $8.00 was supplied by the employer who paid the entire sum of $14.00 per month directly to the lot owner. The parking arrangements were entered into directly between the employer and its employees, and appellant was unaware until the hearing before the Commission that her employer was not the owner of the lot. Sixty spaces on the lot were occupied by employees of Modern, all of whom paid their $6.00 direct to their employer. Each employee was issued a sticker by the employer to show the lot attendant that he or she had a parking space on the lot. In return for the rent paid, the lot owner furnished an attendant to handle the parking on the lot. The parking lot was adjacent to the building in which the employer, Modern, maintained its business and separated only by a ten foot public alley

leading to Preston Street on which the building faced. Both the building and the parking lot were owned by the employer's landlord. Appellant had been using her parking space for approximately six months prior to the date of the accident. It is apparent that since the employer had first preference to all spaces on the parking lot, he had control over who might or might not use the parking spaces. From the above facts, we are of the opinion that the parking lot was, within the contemplation of the proximity rule, located on land under the control of the employer, on adjacent property with the express or implied consent of the employer.

We are of the opinion that the instant case is controlled by the holding of the Court of Appeals in *Proctor-Silex v. DeBrick, supra*. Mrs. DeBrick had been an employee of Proctor-Silex Corporation for a number of months prior to the date of the accident (January 24, 1966). On that morning she drove her car to a parking lot leased by Proctor. The lot was located across Coolidge Avenue from Proctor's plant. There had been snow the prior weekend, but the lot had been cleared permitting employees to park on it. Mrs. DeBrick arrived between 7:30 and 7:45 a.m. on the morning in question. The starting time was 8:00 a.m. and, under plant regulations, she was not permitted to "punch in" earlier than eighteen minutes prior to her starting time. She was paid on a basis of time punched on the clock. Upon arriving on the parking lot, Mrs. DeBrick walked diagonally across Coolidge Avenue and then in a southerly direction, on the pavement in front of her employer's plant, to a point somewhere between the entrance to the office of the plant and the entrance provided for employees. At this location, she slipped and fell on the ice, thus causing the injury upon which her claim was based. In a comprehensive opinion by Smith, J., the Court held that the claimant was in no way deviating from her employment and that the injuries sustained by the claimant had arisen out of and in the course of her employment. In this opinion, the Court said at p. 485:

"Mrs. DeBrick had arrived at a parking lot under the operation and control of her employer provided by that employer for the employees. She was proceeding directly from that parking lot to the place where she was to perform her work for her employer. Under our prior decisions it would appear that if this accident had taken place on the parking lot or between the entrance to Proctor's factory and the time clock no question would be presented as to whether the injuries arose 'out of' the claimant's employment."

The Court had previously stated at p. 484:

"On the basis of *Gooch, supra,* and *Rice, supra,* and in accordance with the law generally, we conclude that had the accident occurred inside the front door of Proctor's building or on the parking lot, the accident would clearly have been one which 'occurred in the course of' Mrs. DeBrick's employment."

The Court, in its opinion, cited numerous cases supporting its finding that the injury arose out of and in the course of her employment with Proctor-Silex Corporation. Compare *Saylor v. Black & Decker Mfg. Co., supra.*

The instant case does not present the same factual situation as presented in *Pariser Bakery v. Koontz, supra.* There the claimant, an employee of the bakery, concluded his work shortly before 4:00 a.m. on August 25, 1962, the day of the accident. After changing his clothes, he punched out at the time clock and departed from the building. He reached the public sidewalk in front of the bakery's premises on his way to his automobile which he had parked on Sanford Place, a public street. While on the sidewalk he was struck by an automobile, which was out of control, and seriously injured. The Court held he was not entitled to recover since the claimant's in-

jury was not one which followed as a natural incident to his work as a dough mixer. It did not result from a causative danger peculiar to his work, nor was it a risk connected with his employment. The causative danger, a car being driven on the public sidewalk, was one common to the neighborhood. There the Court applied the "going and coming" from work rule to bar recovery. Also, the Court held that the "proximity" rule, an exception to the "going and coming" rule, did not apply since the employee was not subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected.

Nor are the facts in the instant case similar to those in *Stoskin v. Board of Education, supra,* where the appellant, a school teacher, was being driven to the school by a friend. At the time of the accident, they had stopped in front of the school. As appellant left the car, she stepped on a coca cola bottle that had rolled out of the car, causing her to slip and fall at a point within the public right of way, as a result of which she was injured. The Court held that appellant was not entitled to recover and the proximity rule did not apply because the appellant by reason of her proximity to the school was not subjected to any danger peculiarly or to an abnormal degree beyond that to which the general public was subjected; and that the case came squarely within the general rule that employees who suffer injuries on their way to work are excluded from benefits of the Workmen's Compensation Act.

In denying appellant's recovery in the instant case, the lower court found that the employer did not have sufficient control over the parking lot to bring the case within the "proximity" rule. In his opinion the trial judge stated that "the mere fact that the employer intercedes in negotiating for his employees as a group for a parking facility, and defrayed part of the costs for their parking, does not amount to sufficient control to bring this case within the proximity rule."

We disagree with both the finding and reasoning of the

lower court, for the reasons previously stated in this opinion. Since the sole question is one of law, there being no dispute as to the facts, the "clearly erroneous" rule (Md. Rule 886 (a)) does not apply. *Sica v. Retail Credit Co.,* 245 Md. 606.

On the undisputed facts we find, as conclusions of law, that the appellant, Harriet Pappas, sustained an accidental personal injury arising out of and in the course of her employment.

> *Judgment reversed; case remanded for further proceedings in accordance with this opinion; costs to be paid by appellees.*