## BOBBY GENE BARFIELD *v.* GIANT FOOD, INC. ET AL.

[No. 205, September Term, 1972.]

*Decided January 30, 1973.*

The cause was argued before POWERS, CARTER, MEN-CHINE and DAVIDSON, JJ.

*Raphael F. Perl,* with whom were *H. B. Mutter* and *Rosenberg, Warshaw & Perl* on the brief, for appellant.

*Henry E. Weil,* with whom were *Shapiro, Weil & Jacobs* on the brief, for appellees.

MENCHINE, J., delivered the opinion of the Court.

Claimant has appealed from the judgment of the Circuit Court for Montgomery County by which an award of compensation benefits by the Workmen's Compensation Commission had been reversed.

The record shows the following undisputed facts: Bobby Gene Barfield (claimant) along with other employees of Giant Food, Inc. (employer) had been given standing orders to report to the store premises in the Kemp Mill Shopping Center for the commencement of work at 6:00 a.m. daily. January 29, 1971 was a day on which weather conditions were described as "terrible; real icy. Everything was covered with ice. Complete parking lot was covered with ice. The streets and everything was." Notwithstanding such conditions, claimant, along with some twenty other employees, had made their way to their parking area. At the appointed time, claimant alighted from his vehicle. With other employees he made his way across the icy surface to the entrance door leading into the employer's store. He found the door to be locked. The claimant and other employees thereupon left the store door and returned to their vehicles for protection from the elements and to await the opening of the store. At about 7:00 a.m., an individual alighted from an automobile that had stopped in front of the store entrance. Thinking that the individual entrusted with the key to employer's premises at last had arrived, claimant and the other employees left their automobiles and proceeded toward the store doorway. En route the claimant slipped on the ice, fell and was injured.

Employer and its insurer contend that the injury did not "arise out of" and "in the course of" the employment.

They suggest that compensation benefits are barred by the "going and coming" rule. Claimant maintains, alternatively, that the "two prongs" of the statutory prerequisites to compensation liability have been met fully, or that the "premises" rule exception to the "going and coming" rule applies in the subject case.

The general "going and coming" rule denies compensation benefits to one injured while going to or coming from work. The "premises" rule exception allows compensation benefits when going to or coming from work if injury occurs on the premises of the employer. In proper cases, Maryland has recognized both rules.[1]

We believe that under the undisputed facts of this case, it is unnecessary to consider either the "going and coming" rule, or the "premises" rule exception thereto. Both rules developed in the welter of conflicting decisions in cases where one of the two prongs upon which compensation liability is contingent, either was absent or in doubt. In the subject case the uncontradicted evidence establishes that the accidental injury arose "out of" and "in the course of" employment, and satisfies fully both statutory requirements.

It has been repeatedly held that the words "arising out of" and "in the course of" employment are not synonymous, and that both must be satisfied to bring a case within the coverage of the Act. *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491; *Klein v. Terra Chemicals International,* 14 Md. App. 172, 286 A. 2d 568.

Definitions of the phrases "arising out of" and "in the course of" are given in *Watson v. Grimm,* 200 Md. 461, 90 A. 2d 180. "Arising out of" (page 465) : "An injury to an employee arises out of his employment when it results from some obligation, condition or incident of the employment"; "[arising] in the course of" (page 466) : "* * * an injury arises 'in the course of employ-

---

1. *Pariser Bakery v. Koontz,* 239 Md. 586, 212 A. 2d 324 (Going and Coming Rule applied.)
    *Pappas v. Modern Mfg. Co.,* 14 Md. App. 529, 287 A. 2d 798 (Premises Rule applied.)

ment' when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incident thereto."

In *Spencer v. Chesapeake Paper Board Co.*, 186 Md. 522, 526, 47 A. 2d 385, 387, it was said: "The law is entirely clear that an employee's injury may arise out of and in the course of his employment although he may not be actually working at the time, *if he is exposed to risks which are incident to the doing of the employer's work.*" [Italics supplied]

As early as 1922, the Court of Appeals of Maryland said in *Baltimore Dry Docks and Shipbuilding Company v. Webster,* 139 Md. 616, 626, 116 A. 842, 846, quoting from Lord Wrenbury:

> "The few and seemingly simple words 'arising out of and in the course of the employment' have been the fruitful (or fruitless) source of a mass of decisions turning upon nice distinctions and supported by refinement so subtle as to leave the minds of the reader in a maze of confusion." And "I prefer to go back to the words of the statute, and guided by certain broad principles, which must be taken to be established, to seek to apply those words to the particular case before me."
>
> \* \* \*
>
> After a very careful examination of many of the cases in which the words "arising out of and in the course of the employment" have been construed and passed upon, we may add to what has been said that they, as precedents, furnish little aid or assistance in determining the meaning and effects of those words as used in the statute. And after all that has been said, we too are of the opinion that their meaning and effect must be largely determined by considering

them in connection with the facts of each particular case." [Citations omitted]

Claimant arrived at the place and at the time ordained by the employer. Under terrible weather conditions he had safely reached the point of work performance. He was prevented from commencing his duties only because of an unusual condition of his employment. Thus the two pronged requirements of the statute are shown by uncontradicted evidence to co-exist. The hazard incident to retracing his steps over the ice covered pavement solely was due to a work connection. That repetitive hazard distinctly was not one to which all members of the public were subjected.

Both the appellant and the trial court relied principally on *Stoskin v. Board of Education,* 11 Md. App. 355, 274 A. 2d 397. In that case claimant sought to invoke the ineptly worded "proximity rule" recognized by some courts as an exception to the "going and coming" rule. The use of the word "proximity" was explained in the *Stoskin* case itself (Page 357) : "The gravamen of the proximity rule is not that the employee 'is in close proximity to his place of employment, but rather that by reason of such proximity, the employee is subjected to danger peculiarly or to an abnormal degree beyond that to which the general public was subjected.' " The Court in *Stoskin* found that there was no evidence whatsoever to show that claimant had been subjected to a special danger differing from that to which the general public was exposed. Here, the danger to the claimant was increased twofold by his work connection, and his injury would not have occurred but for a condition of employment.

In *Larson's Workmen's Compensation,* Desk Edition, 1972, the author makes this statement in § 8.00: "All courts agree that injury due to * * * freezing * * * arises out of the employment *if the employment increases the risk* of this kind of harm." [Italics supplied]

The attention of the Court has not been directed to a factually similar Maryland case and has found none. However, *Flanagan v. Ward Leonard Electric Co.,* 85 N.Y.S.2d 649, is an almost identical twin. There, an employee reporting for work, found the front door locked. While proceeding to another entrance he slipped and fell on an icy sidewalk. The injury was held to have arisen out of and in the course of the employment.

Other cases to similar effect are: *Cossari v. Stein Co.,* 62 A. 2d 143 [N.J.] (an employee attempting to enter her place of business by a front door and finding it locked, was injured in a fall on ice while walking toward a rear entrance) ; *Leatham v. Thurston,* 35 N.Y.S.2d 887 (employee en route to work, finding his entry blocked by a truck, was injured while climbing over it to gain entrance) ; *Bergman v. Parnes Brothers,* 279 A. 2d 660 [N.J.] (claimant who had reported to work was told to go home and return later that morning. He was injured in an accident in the course of that return.)

> *Judgment reversed and case remanded for the entry of a judgment affirming the decision of the Workmen's Compensation Commission, with costs to be paid by appellees.*