## JACK B. RAMBO *v.* INTERNATIONAL DRY WALL CO., INC. ET AL.

[No. 595, September Term, 1979.]

*Decided February 8, 1980.*

The cause was argued before THOMPSON, COUCH and MacDANIEL, JJ.

*Kurt Berlin,* with whom was *Jeffrey Lee Greenspan* on the brief, for appellant.

*Raymond A. Richards* for appellees.

THOMPSON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Montgomery County denying Jack B. Rambo, appellant, compensation for injuries received as an employee of International Dry Wall Co., Inc., appellee. The Workmen's Compensation Commission had awarded compensation.

The facts were the subject of a stipulation. On March 23, 1977, the appellant was injured while on his way to lunch as a passenger in an automobile operated by a co-worker. The car struck a manhole cover which protruded approximately 4 to 6 inches above the partially paved surface of the road. Appellant was leaving his work site, which was located about 400 feet from the manhole cover, on the only road to and from the work site. The developer of the subdivision, Columbia Credit Company, Inc. (Columbia), allowed use of portions of the road by residents and construction workers, and had offered it for dedication, but that portion of the road where the accident occurred had not been accepted by Montgomery County, presumably because it was still under construction. The road was bordered by several houses, some of which were finished and occupied, and others which were in various stages of construction. The appellee, the appellant's employer, was a subcontractor of Columbia.

The Workmen's Compensation Act, *Md. Code,* Art. 101, § 15 provides in part:

> "Every employer ... shall pay or provide ... compensation ... for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment ..."

Yet the established rule is that injuries sustained while an employee is going to or coming from his place of work are not covered under the Act. *Wiley Mfg. Co. v. Wilson,* 280 Md. 200, 206, 373 A.2d 613, 616 (1977). There are, however, exceptions to the going and coming rule and we think the proximity exception applies here. In *Wiley, supra,* the Court of Appeals said:

> "Succinctly stated, the proximity rule is identified with those cases involving accidents which occur at

a point where the employee is within range of dangers peculiarly associated with the employment. 1 Larson, [Law of Workmen's Compensation] at § 15.00. This rule, therefore, has two vital components. The first is the presence of a special hazard at the particular off-premises point. The second is the close association of the access route with the premises, so far as going and coming are concerned.' *Id.* at § 15.13." *Id.* at 208.[1]

The appellee argues that as the road where the accident occurred was open to the members of the general public who might visit the homes on the street, the manhole cover in the road was a hazard to which the general public was subjected, and therefore was not a special hazard related to the job. It cites two out of state cases to show that "open to the public" can include private property. The cases are not compensation cases and we fail to see their relevance. Earlier Maryland cases rejecting the application of the proximity rule were probably not cited because of the excellent analysis by the Court of Appeals in *Wiley, supra:*

"Unquestionably, this case is readily distinguishable from those prior Maryland cases in which application of the proximity rule was rejected. As we indicated earlier, in *Md. Paper Products Co. v. Judson,* 215 Md. 577, the employee was struck while crossing the street; in *Salomon v. Springfield Hospital,* 250 Md. 150, the employee's car was struck while crossing a public highway; in *Pariser Bakery v. Koontz,* 239 Md 586, the employee was struck by a careening automobile on a public sidewalk; and in *Stoskin v. Bd. of Educ. Mont. Co.,* 11 Md. App. 355; the employee was injured as she alighted from an

---

1. Although Wiley, *supra,* gives an excellent discussion of the law involved in our case, its facts are not parallel. The Court held injuries sustained by two co-workers while taking a shortcut along a railroad right of way to a company parking lot, located some 790 feet from the entrance of their place of employment, to be compensable. *See also,* Pappas v. Modern Manufacturing Company, 14 Md App. 529, 287 A.2d 798, *cert. denied,* 265 Md. 741 (1972).

automobile on a public street. As we have indicated, the proximity rule contains two elements: the presence of a *special hazard* at the particular off-premises point and the close association of the access route with the premises in respect to the 'going and coming.' What was lacking in the prior Maryland cases, rejecting application of the proximity rule, was the 'special hazard' component. In none of those cases was there peculiar and abnormal exposure to a common peril beyond that to which the general public was subjected." 280 Md. at 215.

We do not think in the instant case that the general public was exposed to the same perils as the appellant because: (1) the road was the only means of entrance and exit to the place at which the employees of the appellee were working; (2) the construction of the road was not completed and thus the only persons likely to be using the road were the residents, the construction workers and those who had some special business or social engagements with the residents; and (3) the dedication of the roadway had not been accepted by the public authority.

We call particular attention to 1 Larson, *Workmen's Compensation* § 15.21 (1979) in which it was stated:

"A controversy that has troubled some courts in the past is whether a distinction should be drawn between those off-premises injuries which occur on private property, such as railway rights-of-way or short-cuts across neighboring lots, and those which occur on public streets and sidewalks. The difficulty dissolves when the question is asked whether the extension of course of employment to off-premises injuries is based on any principle to which the public-private distinction is relevant. Plainly it is not.

\* \* \*

"Idaho provides a good illustration of a jurisdiction which struggled with and ultimately cut

through this distinction. In a 1929 case,[61] the public-private distinction was held decisive against compensability. . . . In 1954, however, the court was confronted with another case that was so thoroughly 'on all fours' with the 1929 case that the defendant was the successor company to the earlier defendant and the railroad crossing was the identical crossing involved in the earlier case.[62] The court expressly rejected the public-private distinction this time, saying:

> 'These risks (those associated with the employment) may or may not be on the premises of the employer and for this reason there is no justification to distinguish between extended risks on public highways and private pathways. In fact it is at most a distinction without a difference.' [63]

"This holding is symptomatic of the fact that the public-private distinction, in jurisdictions that accept the off-premises special hazard rule, has largely lost its importance,[64] and more often than not is not even mentioned in current cases."

In making his decision, the trial judge relied on *Salomon v. Springfield Hospital,* 250 Md. 150, 154-55, 242 A.2d 126 (1968), which held that a new public highway, having been opened on hospital grounds, did not create any special hazard because:

> "We have held in the past that traveling upon and crossing busy streets and highways, while it does entail some degree of danger, does not subject an

---

[61] State ex rel. Gallet v. Clearwater Timber Co., 47 Idaho 295, 274 P. 802 (1929).

[62] Jaynes v. Potlatch Forest, Inc., [75 Idaho 297, 271 P.2d 1016 (1954).]

[63] 271 P.2d 1016 at p. 1019.

[64] Cf., e.g., current New York rule in Brienza v. Lechase Constr. Co., [17 A.D.2d 83, 320 N.Y.S.2d 362 (1962)], with the earlier case of Harris v. Henry Cheney Hammer Corp., 221 App. Div. 199, 223 N.Y. Supp. 738 (1927)."

employee traveling to and from work, to a greater degree of danger than he would be exposed to as a member of the general public."

The trial judge also relied on *Saylor v. Black and Decker Mfg. Co.,* 258 Md. 605, 267 A.2d 81 (1970), a case involving a premises exception rather than a special hazard exception. The Court stated in *dicta,* however, that it approved the trial judge's findings that a large stone on a private road did not constitute a special hazard. We do not think that either of the cases are apposite. One case involved an injury which may have occurred on any public highway and the other involved a stone, a temporary obstruction, which might well occur on any highway, public or private. In the instant case we are concerned with a road which is undergoing construction and the raised manhole cover was a portion of that work with which the appellant's employment was indirectly connected. An employee who is required to go to work over the unfinished road is subjected to a special hazard which members of the general public are not required to subject themselves, except for the relatively few who happen to have particular business on the undedicated street.

We hold, therefore, that the proximity rule does apply here as an exception to the going and coming rule and that the injuries sustained by the employee rose out of and in the course of his employment.

*Judgment reversed.*
*Appellees to pay the costs.*