564

COLIE J. SPARROW *v.* LOUIS DREYFUS
CORPORATION ET AL.

[No. 1478, September Term, 1980.]

*Decided September 3, 1981.*

The cause was argued before GILBERT, C. J., and MOORE
and WEANT, JJ.

*W. Michel Pierson,* with whom were *Brennan & Brennan*
on the brief, for appellant.

*R. Roger Drechsler,* with whom was *Nevin E. Leese* on the brief, for appellees.

MOORE, J., delivered the opinion of the Court.

Appellant, Colie J. Sparrow, challenges a judgment of the Court of Common Pleas of Baltimore City which affirmed an order of the Workmen's Compensation Commission denying his claim for an injury sustained while returning to work from lunch. For the reasons stated, we reverse.

I

The facts are largely undisputed. Appellant was employed as a millwright by the Louis Dreyfus Corporation ("Dreyfus") at its export grain elevator on Pier 2, Port Covington. On April 19, 1979, at approximately 12:50 p.m., he was returning from lunch with three other Dreyfus employees. During the lunch hour, which began at noon, they had gone off the employer's premises to a nearby restaurant. They rode in a pickup truck which was owned and driven by one of the employees, Raymond Brown. Dreyfus personnel were permitted to have lunch away from the plant and many did so. Because there was room in the cab of the pickup for only three passengers, the appellant rode in the back of the open truck.

Testimony elicited before the Commission and the trial court revealed that the Dreyfus facility could be reached by either of two roads owned by the "Chessie" Railroad System which branched off from a common road. The "front" road was paved and in good condition. It led to the front of the Dreyfus facility where there was a parking lot. A Dreyfus manager testified that the "bulk" of the employees used the front road. The "back" road was gravel (not paved) and was described by Raymond Brown as "deplorable." It was used, according to the manager, by about 10% of Dreyfus employees. There was also a parking area in the back of the grain elevator.

The back road was also used by several other companies in the vicinity. Both roads, however, at the time of appellant's injury, were posted "No Trespassing" and were policed by the railroad. Brown also testified that "[a]ny car with no business there is basically not allowed." (After the accident, Dreyfus repaired the road though it was Chessie System property.)

Returning to work after lunch at 12:50 p.m., Raymond Brown took the back road because the front road, which he had used on the way to the restaurant, was blocked by a freight train and they would have been delayed about forty-five minutes.[1] The truck, travelling at a speed of "between ten and twenty" miles per hour, hit a large pothole which caused the claimant to be tossed about in the truck, sustaining a back injury.

The Commission, by Order dated July 17, 1979, found that the appellant did not sustain an accidental injury arising out of and in the course of his employment. The trial court affirmed, holding that appellant did not come within the "proximity" or "special hazard" exception to the "going and coming" rule.

## II

As a general proposition, an injury sustained by an employee going to or returning from his place of employment is not an injury arising out of and in the course of employment and therefore is not compensable under the Workmen's Compensation Act. This is the "going and coming" rule. One exception[2] to the rule is the "proximity" or "special hazard" rule which permits recovery for an injury which, although sustained off the employer's premises, is viewed as within the "range of dangers peculiarly associated with the employ-

---

1. The testimony of Brown revealed that when the front road was blocked by a train other employees of Dreyfus would also traverse the back road to avoid being late.

2. By judicial decision, there are several well-established exceptions to the "going and coming" rule. *See generally* Wiley Manufacturing Co. v. Wilson, 280 Md. 200, 373 A.2d 613 (1977).

ment." *Wiley Manufacturing Co. v. Wilson,* 280 Md. 200, 208, 373 A.2d 613, 617 (1977), *affirming* 30 Md. App. 87 (1976). Writing for the Court of Appeals in *Wiley,* Judge Levine pointed out that this exception has two "vital components," quoting from 1 Larson, *Law on Workmen's Compensation* § 15.13:

> "The first is the presence of a special hazard at the particular off-premises point. The second is the close association of the access route with the premises, so far as going and coming are concerned."

*Wiley, supra,* 280 Md. at 208, 373 A.2d at 617.

The Court went on to define "special hazard" as

> "peculiar and abnormal exposure to a common peril beyond that to which the general public [is] subjected."

*Id.* at 215, 373 A.2d at 621. We think the proximity exception is applicable here. The crater-like pothole, jokingly described in the testimony as "a lake" when it rained, was a hazard to employees using it beyond that to which the general public was exposed. This was a private road, located on private property of the railroad, policed by the railroad, from which the public was excluded. Its use by employees was permitted. On April 19, 1979 at 12:50 p.m. it was the only means of entrance to the place of employment without substantial delay because the front road was blocked by a train. As Brown, the driver, testified, "[i]f one [road] is blocked you have to use the other one, or be late"; and as a result, their pay would be "docked."

In our judgment, there is a striking parallel between the instant case and the case of *Rambo v. International Dry Wall Co., Inc.,* 44 Md. App. 693, 410 A.2d 627, *cert. denied,* 287 Md. 751, 753 (1980), involving a claimant injured while on his way to lunch as a passenger in an automobile operated by a co-worker. The car struck a manhole cover which protruded 4 to 6 inches above the partially paved surface of a road under construction. Applying the analysis explicated

by Judge Levine in *Wiley,* Judge Thompson concluded for this Court:

> "An employee who is required to go to work over the unfinished road is subjected to a special hazard which members of the general public are not required to subject themselves, except for the relatively few who happen to have particular business on the undedicated street.
>
> "We hold, therefore, that the proximity rule does apply here as an exception to the going and coming rule and that the injuries sustained by the employee rose out of and in the course of his employment." [3]

*Rambo, supra,* at 698, 410 A.2d at 630.

We observe that the lower court in the instant case, in its careful consideration of the "proximity" rule, applied the four elements of the exception found in 8 *Schneider's Workmen's Compensation* § 1724 (3d ed. 1951), which were quoted by the Court of Appeals in *Maryland Paper Products Co. v. Judson,* 215 Md. 577, 585, 139 A.2d 219, 223 (1958), and by this Court in *Stoskin v. Board of Education of Montgomery County,* 11 Md. App. 355, 357, 274 A.2d 397, 399 (1971), and in our opinion in *Wiley Manufacturing Co. v. Wilson,* 30 Md. App. 87, 91, 351 A.2d 487, 490-91 (1976).

According to Schneider, an employee may recover under the "proximity" exception to the "going and coming" rule if he is

    (1) In close proximity to the premises,

    (2) proceeding diligently at an appropriate time by reasonable means,

    (3) using the natural, practical, customary, convenient and recognized way of ingress or egress,

---

**3.** The unfinished street had not yet been accepted for maintenance by the county. The residents of the few finished private homes along the road used it, as well as the construction workers. This road was the only access to and from the construction site.

> (4) either on land under the control of the employer, or on adjacent property with the express or implied consent of the employer.

The lower court found all the elements present except the second. On that point, the court said:

> "... I have some pause whether they were proceeding appropriately and diligently by reasonable means on their way to [*sic*] lunch. *At best, it can be said to be risky to ride in the back of an open pickup truck, and that is especially true where that pickup truck is going to be driven over unpaved road,* well known to not only the claimant, but to his companions on that day." (Emphasis added.)

The court concluded that satisfaction of the second element was "debatable" and affirmed the Commission, finding its order presumptively correct.

We think a necessary implication of the opinion of the Court of Appeals in *Wiley* is that the two "vital components" of the "special hazard" exception stated in Professor Larson's work are controlling in the generality of special hazard cases.[4] At all events, when the facts of the particular case call for consideration of Schneider's second element ("proceeding diligently at an appropriate time by reasonable means"), there is the danger that contributory negligence may play a part in determining whether or not an injury is compensable. That, of course, is impermissible under the law of workmen's compensation. Md. Ann. Code art. 101, § 15. As the Court of Appeals stated in *Dayton v. Davis,* 218 Md. 614, 618, 147 A.2d 699, 701 (1959):

> "There are very few unavoidable accidents; negligence produces most of them and an employee's non-wilful negligence — his lapse from care — does not keep an injury-producing occurrence from being an accident nor bar his right to compensation."

---

4. In *Wiley,* no reference is made to Schneider's treatise.

The appellee in this case, although maintaining that the lower court reached the correct result, concedes that the court "may have placed undue emphasis on the appellant's choosing to ride in the rear of an open pickup truck over an unpaved road." We believe this did occur, and that error intruded.

It is our conclusion that the proximity exception was applicable and that the finding to the contrary was an erroneous interpretation of the law. The injury sustained by appellant arose out of and in the course of his employment and is compensable under the Workmen's Compensation Act.

> *Judgment reversed; case remanded to the Court of Common Pleas for further remand to the Workmen's Compensation Commission; appellees to pay the costs.*