COATES *v.* J. M. BUCHEIMER CO., INC., ET AL.

[No. 195, September Term, 1965.]

*Decided April 5, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*John F. Foley, Jr.* and *Samuel D. Hill,* with whom were *Buckmaster, White, Mindel & Clarke* and *Richard E. Zimmerman* on the brief, for appellant.

*Herbert L. Rollins,* with whom were *Glenn C. Michel* and *Mathias, Mathias & Rollins* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

In this workmen's compensation case, the primary question presented is whether the trial court erred in granting the motion for a directed verdict in favor of the employer on the ground that the injury suffered by the employee did not arise out of and in the course of her employment. The employee (Ruth N. Coates) is the appellant and the employer (J. M. Bucheimer Co., Inc.) is the appellee. As usual, only the facts are different: the law has not changed.

The employee, who had been employed for about six months prior to her injury, operated a machine used in the manufacturing of leather goods. In her work as a "stitcher" it was

necessary for the employee to remain at a machine except when she had to get material.

At the time of the accident resulting in the injury the employer was constructing an addition to its plant and the existing loading dock was being extended along side of the new building. A roll-up door provided access from the existing plant to the loading dock and another doorway in the new building provided access to that part of the loading dock still under construction. Neither of these doors was normally used by the employee to enter or leave the plant.

On the evening of November 6, 1963, while the employee was working the 4:00 p.m. to 12:30 a.m. shift, she took her regular coffee break at 6:00 p.m., and went to the lounge in the building where she had been working for refreshments. During the "break" she talked with her foreman, discussing, among other things, the new lounge in the building under construction. The foreman asked the employee if she had seen the new lounge and, after she answered that she had not, she asked him if he would take her to see it, but he refused because of "what might be said". The employee then asked the foreman if she could go over and see it and the foreman replied "yes."

The employee went over to the closed roll-up door, raised it and went out onto the unlighted loading dock. She proceeded along the platform area in the dark for about seven or eight feet until she came to a doorway in the new building and as she attempted to step from the partially completed loading platform into the new building she fell and sustained the injury for which she seeks compensation.

At the hearing on the claim for compensation filed by the employee, the commission found that she "did not sustain an accidental injury arising out of and in the course of her employment" and disallowed her claim. The employee appealed to the circuit court requesting a jury trial. When, however, the appeal was heard, the trial court directed a verdict in favor of the employer against the employee at the conclusion of her case, and this appeal followed.

Code (1957), Art. 101, § 15, provides in pertinent part that "every employer * * * shall pay * * * for the disability * * * of his employee resulting from an accidental personal injury

sustained by the employee arising out of and in the course of his employment without regard to fault * * *." Although it was conceded by the parties that the employee sustained an accidental personal injury, the employee still had to show that the injury arose both "out of" and "in the course of" her employment in order to bring her claim for compensation within the operation of the statute. *Pariser Bakery v. Koontz,* 239 Md. 586, 212 A. 2d 324 (1965) ; *Department of Correction v. Harris,* 232 Md. 180, 192 A. 2d 479 (1963) ; *Scherr v. Miller,* 229 Md. 538, 184 A. 2d 916 (1962) ; *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491 (1946).

The words "out of" refer to the cause or origin of the accident, while the phrase "in the course of" refers to the time, place and circumstances under which it occurs. *Rice v. Revere Copper & Brass, Inc.,* 186 Md. 561, 48 A. 2d 166 (1946) ; *Hill v. Liberty Motor & Engineering Corp.,* 185 Md. 596, 45 A. 2d 467, 47 A. 2d 43 (1946). Their meaning and effect, however, depend on the circumstances of each particular case. In the case at bar, the injury sustained by the employee arose neither out of nor in the course of her employment. Rather it resulted from the unrestrained curiosity of the employee.

This does not mean, of course, that every time an employee deviates from his immediate employment in order to satisfy his curiosity and an injury occurs that he will be precluded from receiving compensation under the statute. If the deviation is trifling and momentary it should be disregarded like any other inconsequential act of turning aside. The deviation in the instant case, however, was not inconsequential. In *Robertson v. Express Container Corp.,* 99 A. 2d 649 (N. J. 1953), where a deliberate excursion to a roof top during lunch time to see if a distant fire was still smoking was held not to arise "out of" or "in the course of" the employment, it was said at p. 651:

> "Compensability in so-called 'curiosity cases' depends largely on whether or not what the employee was doing at the time of the injury was a momentary or impulsive act or a deliberate and conscious excursion involving deviation from the usual place of employment, in this instance, from the place where petitioner was accustomed to eat her lunch."

Nor was it error for the trial court to direct a verdict for the employer. We think the court, in assuming the truth of the evidence presented by the claimant and all inferences of fact fairly deducible from it (as the court was required to do), properly ruled that the evidence was legally insufficient to submit the question of whether the injury was compensable to the jury. *Jewell Tea Co. v. Blamble*, 227 Md. 1, 174 A. 2d 764 (1961); *Superior Builders, Inc. v. Brown*, 208 Md. 539, 119 A. 2d 376 (1956); *Spencer v. Chesapeake Paperboard Co.*, 186 Md. 522, 47 A. 2d 385 (1946). The question here was clearly one of law, not of fact.

*Judgment affirmed; appellant to pay the costs.*