MARYLAND CASUALTY COMPANY, ᴇᴛ ᴀʟ. *v.*
INSURANCE COMPANY OF NORTH
AMERICA

[No. 90, September Term, 1967.]

*Decided February 13, 1968.*

The cause was argued before HAMMOND, C. J., HORNEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*Frank P. Flury* for the appellants.

*William H. Clarke* for the appellee.

MARBURY, J., delivered the opinion of the Court.

On December 24, 1963, Richard G. Whaley was employed by the Kennedy-Veale Stables, a partnership consisting of Harriet T. Veale, Tinkham Veale, II, and Wilma P. Kennedy. He was what is known as a "hot walker" and his duties consisted of walking the horses belonging to his employer, when it was necessary, and assisting the groom in caring for them. Whaley's job did not require him to actually be on duty twenty-four hours a day but he was expected to be at the stables with the horses whenever he was needed, for example, if a horse became sick or if there was a fire. In addition, Whaley slept in a dormitory near the stables and was expected to act as a watchman in case of emergencies that might arise at any time of the day or night. When there were lulls in the work he was free to do what he wished with his free time.

On the date in question the Stables for which Whaley worked had its horses at the Bowie Race Track training them for the next meet that was to begin in a few weeks. Also in the employ of the Stables were William Weingart, an exercise boy, who occasionally rode as a professional jockey, and Frank Clendening, who was employed as a groom and in the absence of Mrs. Kennedy, the regular trainer, was in charge of the training operations at Bowie and in such capacity gave orders and directed the work of the other two employees.

On the morning of the 24th the three men arose early, had a light breakfast at the race track cafeteria, fed and exercised the horses, and at about 10:30 decided to have coffee at a restaurant about half a mile from the track. After cashing Whaley's pay check at the cafeteria they left the grounds in an automobile owned by the Stables, which they were authorized to use, and when they had traveled about 100 yards from the main gate they collided with a Pennsylvania Railroad train. Clendening and Weingart subsequently died as a result of the accident and Whaley was seriously injured.

Whaley, co-appellant here and co-defendant below, filed a claim for workmen's compensation benefits under Code (1957), Article 101, for the injuries sustained in the accident, alleging, *inter alia,* that the accident arose out of and in the course of his employment. Maryland Casualty Company, the other co-appellant here and co-defendant below, was the insurance carrier for the Stables and at the hearing before the Workmen's Compensation Commission defended on the ground that the accident did not occur in the course of Whaley's employment. After a hearing the Commission ruled that the accident arose out of and in the course of Whaley's employment. Maryland Casualty Company then filed a petition for a rehearing before the Commission but before the rehearing could be held, Whaley and Maryland Casualty reached a settlement whereby Whaley released Maryland Casualty and received $15,000. This settlement agreement, which contained a release to the employer and compensation insurer, in accordance with law was submitted to and approved by the Commission on April 12, 1966.

The present case was instituted by the Insurance Company of North America (INA), the appellee here, to have a declaratory judgment rendered to the effect that it would not be obligated to investigate, defend, or indemnify any law suits by Whaley against the owner of the car in which he was riding or against the estate of Clendening, the operator of the vehicle at the time of the accident. INA claims that it is relieved from liability by exclusionary clauses in the policy that excluded from coverage by the policy:

"(d) under coverage A [Bodily Injury Liability], to bodily injury to or sickness, disease or death of any

employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

"(e) under coverage A [Bodily Injury Liability], to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

* * *

"(g) under * * * coverage C [Automobile Medical Payments] to bodily injury to or sickness, disease or death of any employee of the named insured or spouse arising out of and in the course of (1) domestic employment by the named insured or spouse, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the named insured or spouse;"

By stipulation of counsel in the lower court, if Whaley was injured in the course of his employment then INA would be declared not liable on the policy.

Following a hearing in the court below, Judge Powers, after considering the testimony before him, found that Whaley was. an employee of the Stables, that he was on call at all times but was allowed to attend to his own business during slack periods in his work, that on the day of the accident he was in his work clothes, that he intended to return to the track after the coffee break, that he left the track in company of his supervisor,. and that under these conditions leaving the premises of the track. was not improper. He then concluded that Whaley was within the scope of his employment when the accident occurred, and issued an order declaring that INA was not liable on the policy, from which the appellants have taken this appeal.

The words "in the course of employment" refer to the time and place of an accident and the circumstances under which it occurs, *Coates v. J. M. Bucheimer Co.,* 242 Md. 198, 218 A. 2d 191; *Hill v. Liberty Motors,* 185 Md. 596, 45 A. 2d 467; but

whether a given injury is in the course of the employment is determined by the facts and circumstances of each particular case. *Coates v. J. M. Bucheimer Co., supra; Dept. of Correction v. Harris,* 232 Md. 180, 192 A. 2d 479. In making this determination, the entire sphere and period of employment may be considered and also whether the employee has placed himself outside his employment and, if so, how far. *Dept. of Correction v. Harris, supra; Watson v. Grimm,* 200 Md. 461, 90 A. 2d 180; *Baltimore v. Schwind,* 175 Md. 60, 199 Atl. 853.

The appellant relies on the general rule as stated in *Tavel v. Bechtel Corporation,* 242 Md. 299, 303, 219 A. 2d 43, that:

> "This Court has in general adhered to the rule that the Act does not cover injuries received while going to or from work in public streets; the Act does not authorize an award in case of an injury from a peril to which the public at large is exposed. *Pariser Bakery & State Accident Fund v. Koontz,* 239 Md. 586, 590-91, 212 A. 2d 324 (1965) and cases therein cited."

However, there are a number of circumstances here involved that remove the present case from the operation of the general rule.

In this instance the employee's work day did not begin and end on a set schedule but he was required to be on call around the clock and he was paid on this basis. Also it must be considered that the employer furnished no meals to this employee nor did he furnish a place where meals or refreshments could be obtained. Although there was a cafeteria nearby operated by the track, there was testimony in the record that the cafeteria was located at such a distance from Whaley's general work area that a car was considered necessary to get there and return in a reasonable time. There was also testimony to the effect that only two stables had horses at Bowie at that time and that for this reason the cafeteria was operating on a token basis with only a skeleton force. Those facts, coupled with the knowledge of the employer that his employees frequently left the track for coffee and meals and that they did so with his approval, are further indications that Whaley was within the course of his employment.

The general rule, enunciated above, that injuries sustained by an employee going to or coming from his place of employment are not in the course of employment, is not inflexible and is subject to certain qualifications and exceptions. *Tavel v. Bechtel Corporation, supra; Rumple v. Henry H. Meyer Co., Inc.,* 208 Md. 350, 118 A. 2d 486; *Watson v. Grimm, supra.* In the *Grimm* case an employee who worked on a garbage truck was injured when he fell off a running board of his employer's truck which was being driven by his employer. The employee lived on his employer's farm and it was customary for him to ride on the truck into Hagerstown where they were to pick up garbage. On the day of the accident, after his work was done, they were about a mile from central Hagerstown. The employee, Watson, asked to be dropped off downtown. It was on the trip downtown that he fell from the running board and was run over. This Court reversed the trial court, where a jury had reversed the State Industrial Accident Commission, predecessor of the Workmen's Compensation Commission, holding that the evidence before the Commission justified them in finding the accident in the course of his employment. In its consideration of that case the Court said:

> "Where the driver of the vehicle is furnished by the employer, the employee's case is stronger because then the employer's agent has control over the acts and movements of the employee. While the presence or absence of control by the employer over acts and movements of the employee during transportation to or from work is not decisive, it is a factor to be considered in determining whether an injury during the transportation arose out of and in the course of employment. *Cardillo v. Liberty Mutual Insurance Co.,* 330 U. S. 469, 67 S. Ct. 801, 808, 91 L. Ed. 1028."

In his case before the Commission Whaley successfully contended that his injury arose out of and in the course of his employment. In the present case he takes a diametrically opposite and inconsistent position when he claims that he was not in the course of his employment at the time of the accident. We agree with the findings of the Commission and of the lower

710

court that at the time of his injury Whaley was acting in the course of his employment. Under these circumstances he can not avoid the exclusions as to workmen's compensation coverage contained in the INA policy and we hold that the lower court was correct in declaring that the appellee was not required to investigate, indemnify or defend suits by Whaley against the owner of the vehicle or against the estate of the operator, Frank W. Clendening, deceased.

> *Judgment affirmed, costs to be paid by appellant Maryland Casualty Company.*