*Summer Ledford v. Jenway Contracting, Inc.*, No. 1755 September Term, 2022. Opinion by Wright, J.

**WORKERS' COMPENSATION – EFFECT OF ACT ON OTHER STATUTORY OR COMMON-LAW RIGHTS OF ACTION AND DEFENSES – ACTION BY THIRD PERSON AGAINST EMPLOYER – ACTION FOR WRONGFUL ACT – IN GENERAL**

Circuit court did not err in dismissing a wrongful death action filed against an employer by the non-dependent daughter of a covered employee who was killed in the course of his employment. When an employee covered by the Workers' Compensation Act is injured or killed in the course of his or her employment, the employer's liability and any recovery resulting from that liability are exclusive to the Act, regardless of whether an otherwise proper wrongful death plaintiff is entitled to benefits under the Act.

Circuit Court for Baltimore County
Case No. C-03-CV-22-000661

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1755

September Term, 2022

SUMMER LEDFORD

v.

JENWAY CONTRACTING, INC.

Arthur,
Albright,
Wright, Alexander, Jr.
  (Senior Judge, Specially Assigned),

JJ.

Opinion by Wright, J.

Filed: November 30, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

Summer Ledford, appellant, filed, in the Circuit Court for Baltimore County, a wrongful death action against her late father's employer, Jenway Contracting, Inc. ("Jenway"), after her father fell to his death at work. Jenway subsequently filed a motion to dismiss, arguing that Ms. Ledford's action was barred by Maryland's Workers' Compensation Act. The court ultimately granted Jenway's motion and dismissed Ms. Ledford's complaint with prejudice.

In this appeal, Ms. Ledford presents a single question, which we have rephrased as:[1]

Was Ms. Ledford's wrongful death claim barred by Maryland's Workers' Compensation Act?

For reasons to follow, we answer the above question in the affirmative. Accordingly, we affirm the circuit court's judgment.

## BACKGROUND

On February 25, 2021, John Ledford fell to his death while working as an employee of Jenway. It was undisputed that the decedent's death arose out of and in the course of his employment with Jenway.

Summer Ledford, the decedent's 47-year-old daughter, later filed a wrongful death action against Jenway pursuant to Maryland's Wrongful Death Act, Md. Code, Courts and Judicial Proceedings Article ("CJP") § 3-901 *et seq.*, claiming that Jenway's negligence had caused her father's death. Ms. Ledford sought damages for mental anguish, emotional

---

[1] Ms. Ledford phrased the question as:

Whether the exclusive remedy provision of Maryland's Workers' Compensation Act bars a wrongful death claim by a plaintiff for whom the act provides no remedy?

pain and suffering, and loss of services, society, companionship, comfort, protection, attention, counsel, training, guidance, and education.

Jenway thereafter filed a motion to dismiss for failure to state a claim upon which relief could be granted. Jenway argued that, because Mr. Ledford's death occurred during the course of his employment, Ms. Ledford had no right of action under Maryland's Wrongful Death Act. Jenway claimed, rather, that all claims for relief had to be brought pursuant to Maryland's Workers' Compensation Act, as codified in Title 9 of the Labor and Employment Article ("L&E") of the Maryland Code.

Ms. Ledford responded that, because she was not a dependent of her late father, she had no right to any benefits under the Workers' Compensation Act. Ms. Ledford argued, therefore, that the exclusive nature of the Act was inapplicable to her.

Following a hearing, the circuit court determined that Ms. Ledford's claim was barred by the Workers' Compensation Act. The court concluded that the Act was the exclusive remedy for all claims for damages arising out of the decedent's work-related injury. The court granted Jenway's motion and dismissed Ms. Ledford's complaint with prejudice. This timely appeal followed.

**STANDARD OF REVIEW**

"A motion to dismiss for failure to state a claim tests the sufficiency of the pleadings." *Ricketts v. Ricketts*, 393 Md. 479, 491 (2006) (quotation marks and citations omitted). "When deciding whether to grant a motion to dismiss a complaint as a matter of law, a trial court is to assume the truth of factual allegations made in the complaint and draw all reasonable inferences from those allegations in favor of the plaintiff." *Ceccone v.*

2

*Carroll Home Servs., LLC*, 454 Md. 680, 691 (2017). "Dismissal is proper only if the alleged facts and permissible inferences, so viewed, would, if proven, nonetheless fail to afford relief to the plaintiff." *Ricketts*, 393 Md. at 492. "When an appellate court reviews a trial court's grant of a motion to dismiss, the appellate court applies the same standard to assess whether the trial court's decision was legally correct." *Ceccone*, 454 Md. at 691.

Because our analysis involves the interpretation of a Maryland statute, we also set forth the well-known rules of statutory construction. "The paramount object of statutory construction is the ascertainment and effectuation of the real intention of the Legislature." *Andrews & Lawrence Pro. Servs., LLC v. Mills*, 467 Md. 126, 149 (2020) (quotation marks and citation omitted). "The starting point of any statutory analysis is the plain language of the statute[.]" *Kranz v. State*, 459 Md. 456, 474 (2018). "'If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resort to other rules of construction.'" *Noble v. State*, 238 Md. App. 153, 161 (2018) (quoting *Espina v. Jackson*, 442 Md. 311, 322 (2015)). If, on the other hand, words of a statute are ambiguous, "a court must resolve the ambiguity by searching for legislative intent in other indicia, including the history of the legislation or other relevant sources intrinsic and extrinsic to the legislative process." *Id.* at 162 (quotation marks and citation omitted). When the statute is part of a larger statutory scheme, as is the case here, the statute must be interpreted in that context. *Andrews*, 467 Md. at 149. "'That means that, when interpreting any statute, the statute as a whole must be construed, interpreting each provision of the statute in the context of the entire statutory scheme.'" *Id.* (quoting *Whiting-Turner Contracting Co. v.*

*Fitzpatrick*, 366 Md. 295, 301 (2001)). "Thus, statutes on the same subject are to be read together and harmonized to the extent possible, reading them so as to avoid rendering either of them, or any portion, meaningless, surplusage, superfluous or nugatory." *Id.* (quotation marks and citation omitted).

## DISCUSSION

### *Maryland's Wrongful Death Act*

Maryland's Wrongful Death Act was enacted in 1852 and was designed "to remedy the common law's unaccommodating treatment of a tort victim's family." *Spangler v. McQuitty*, 449 Md. 33, 51 (2016). Prior to that time, the common law did not permit tort recovery upon the death of the tort victim. *Id.* In passing the Wrongful Death Act, the legislature allowed "the decedent's beneficiaries or relatives to recover damages for loss of support or other benefits that would have been provided, had the decedent not died as a result of another's negligence." *Id.* at 53. In so doing, the legislature created a new and independent cause of action that, unlike a survivorship action, is not brought in a derivative or representative capacity but rather is brought by aggrieved family members to recover their own loss accruing from the decedent's death. *Id.* at 54-61.

As written today, the Wrongful Death Act permits an action "against a person whose wrongful act causes the death of another." CJP § 3-902(a). The statute defines wrongful act as "an act, neglect, or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued." CJP § 3-901(e). A wrongful death claim "shall be for the benefit of the wife, husband, parent, and child of the deceased person." CJP § 3-904(a)(1). If no such person exists, "an action

4

shall be for the benefit of any person related to the deceased person by blood or marriage who was substantially dependent upon the deceased." CJP § 3-904(b). Under the Act, "damages may be awarded to the beneficiaries proportioned to the injury resulting from the wrongful death." CJP § 3-904(c)(1). In cases where the deceased is survived by a child who is not a minor, such damages "are not limited or restricted by the 'pecuniary loss' or 'pecuniary benefit' rule but may include damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, or guidance where applicable." CJP § 3-904(e).

### *Maryland's Workers' Compensation Act*

Maryland's Workers' Compensation Act was enacted in 1914 and provided "compensation to employees and their dependents for accidental injuries which arose out of and in the course of employment." *Brady v. Ralph M. Parsons Co.*, 327 Md. 275, 278 (1992). Prior to that time, "an employee could sue his employer for negligence in failing to use reasonable care to provide a safe workplace[,]" and the employer could, in turn, "assert the defenses of contributory negligence and assumption of risk." *Id.* By passing the Workers' Compensation Act, the legislature effected a compromise between those rights:

> [E]mployees and their dependents receive benefits according to a schedule which does not, however, include damages for pain and suffering, loss of enjoyment of life, or the like; on the other hand, the employer is required to provide benefits regardless of fault, and the defenses of contributory negligence and assumption of risk may not be asserted to defeat a compensation claim. With the exception of certain narrow grounds . . . , workers' compensation is the exclusive remedy of the injured employee and his dependents against an employer for an injury or death covered by the compensation law.

5

*Id.* at 279 (footnote omitted).

Thus, under the Workers' Compensation Act an employer is generally required "'to pay workers' compensation benefits to an employee who suffers an accidental personal injury in the course of employment, regardless of whether the employer is at fault for the injury.'" *Bd. of Educ. of Prince George's Cnty. v. Marks-Sloan*, 428 Md. 1, 35 (2012) (quoting *Franch v. Ankney*, 341 Md. 350, 357-58 (1996)). In exchange, the Workers' Compensation Act provides "'a substitute for the employer's common law liability for negligence, subject to his common law defenses, and creates an absolute, but limited, liability regardless of fault, such liability upon a conforming employer being exclusive.'" *Id*. at 36 (quoting *Flood v. Merchs. Mut. Ins. Co.*, 230 Md. 373, 377 (1963)). "The rationale behind the exclusivity rule is that 'the employer has undertaken the burden of supplying workmen's compensation insurance in return for immunity from suit.'" *Id.* at 38 (quoting *Hauch v. Connor*, 295 Md. 120, 127 (1983)). Again, the Act "reflect[s] a compromise between employees' rights to pursue common law and other statutory damages for their injuries, and the burden to employers of having to provide workers' compensation benefits." *Id.* (quotation marks and citation omitted). "In other words, the statute has given to labor what it never had before, and has taken from capital what it had always enjoyed, and has compensated the latter by limiting its liability[.]" *Victory Sparkler & Specialty Co. v. Francks*, 147 Md. 368, 376 (1925).

The exclusivity provision of the Workers' Compensation Act can be found in § 9-509 of the Act:

(a) *Employers.* – Except as otherwise provided in this title, the liability of an employer under this title is exclusive.

(b) *Covered employees and dependents.* – Except as otherwise provided in this title, the compensation provided under this title to a covered employee or the dependents of a covered employee is in place of any right of action against any person.

L&E § 9-509.

The exclusivity provision of the Workers' Compensation Act can be traced back to the Act's inception and is reflected in the Act's preamble, which provides, in pertinent part, that "[e]ach employee (or in the case of death his family or dependents) [is] entitled to receive compensation under this article[,]" and that "such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." *Lowery v. McCormick Asbestos Co.*, 300 Md. 28, 41 (1984) (quotation marks and citation omitted). In considering that language in conjunction with the text of the Act itself, the Supreme Court of Maryland has noted that "the meaning is so clear and unmistakable that it would be a denial of the legislative purpose to strike their plain terms from the statute by judicial construction." *Id.* at 42 (quotation marks and emphasis omitted) (quoting *Victory Sparkler*, 147 Md. at 375).

The Act's exclusivity provision includes only two exceptions. *Suburban Hosp., Inc. v. Kirson*, 362 Md. 140, 172 (2000). First, if an employer fails to secure compensation in accordance with the Act, "a covered employee . . . or, in case of death, the personal representative of the covered employee may: (i) bring a claim for compensation under [the Act]; or (ii) bring an action for damages." L&E § 9-509(c)(1). Second, if an employer deliberately injures or kills a covered employee "the covered employee or, in the case of

7

death, a surviving spouse, child, or dependent of the covered employee may: (1) bring a claim for compensation under [the Act]; or (2) bring an action for damages against the employer." L&E § 9-509(d). Aside from those exceptions, the Act "is exclusive of all other remedy and liability, as to both the employer and employee who come within the purview of the Act, with respect to all injury arising out of and in the course of the employment." *Knoche v. Cox*, 282 Md. 447, 453 (1978).

### *Parties' Contentions*

Ms. Ledford argues that the circuit court erred in dismissing her wrongful death claim on the grounds that the Workers' Compensation Act was her exclusive remedy. She contends that the court erroneously read § 9-509 of the Act as conferring absolute immunity on an employer regardless of whether the aggrieved party would be entitled to benefits under the Act. She contends that such an interpretation ignores § 9-509(b) of the Act, which, by its express terms, limits only the rights of eligible receivers, namely, a covered employee or the dependents of a covered employee. She argues that, because she was neither a covered employee nor a dependent of a covered employee, the Act's exclusivity provision does not prevent her from bringing a wrongful death claim. She contends that construing the Act as the court did would "create an exclusive remedy to no remedy" because she, as a non-dependent, had no ability to recover workers' compensation benefits. She argues that such a construction would also signal that the legislature had a greater concern for employers' immunity than for the rights of wrongful death plaintiffs and would overlook "the broad, liberal interpretations of the Wrongful Death Act."

Jenway contends that the circuit court did not err in dismissing Ms. Ledford's wrongful death claim. Jenway claims that the Workers' Compensation Act's exclusivity provision limits an employer's liability whenever a covered employee is injured during the course of his or her employment. Jenway asserts that the only exceptions to the Act's exclusivity provision are when an employer fails to secure compensation and when an employer deliberately injures or kills a covered employee. Jenway argues that, because neither exception is applicable in the instant case, and because it is undisputed that the decedent's injury occurred during the course of his employment, any recovery for that injury had to come via the Workers' Compensation Act. Jenway contends that permitting Ms. Ledford to proceed with her wrongful death claim would offend the Act's plain language and purpose, which is to provide employees with guaranteed and efficient compensation while also insulating employers from tort liability.

### *Analysis*

Here, it is undisputed that the decedent's death was accidental, *i.e.*, not deliberately caused by Jenway, and that the death occurred during the course of the decedent's employment with Jenway. It is also undisputed that Jenway had secured compensation in accordance with the Workers' Compensation Act. Thus, the sole question here is whether the Act's exclusivity provision precludes Ms. Ledford, a non-dependent under the Act, from bringing a wrongful death claim against Jenway.

Although neither this Court nor the Supreme Court of Maryland has considered the exact issue presented here, *i.e.*, whether the Workers' Compensation Act's exclusivity provision applies to a non-dependent, our Courts have considered whether a wrongful death

9

plaintiff is permitted to bring a wrongful death claim when a covered employee is killed in the course of his or her employment. In *Knoche v. Cox, supra*, the Supreme Court of Maryland considered whether the husband of a worker killed by her employer's negligence could bring a wrongful death action against the employer. *Knoche*, 282 Md. at 449. In that case, the covered employee, a dental assistant, was killed at her place of employment by a bullet that had been accidentally discharged from a weapon that was being handled by a patient in a nearby room. *Id.* The employee's husband subsequently filed a wrongful death suit against the employer "individually and as surviving husband of the deceased, to his own use and to the use of the deceased's surviving parents." *Id*. The case proceeded to trial, and, at the conclusion of trial, the employer moved for a directed verdict. *Id.* The court denied the motion, and the jury returned a verdict against the employer. *Id.* After the employer appealed, the Supreme Court of Maryland reversed, holding that the court should have directed verdict in favor of the employer on the grounds that the husband's wrongful death claim was preempted by the Workers' Compensation Act. *Id.* at 457-58. In so doing, the Court discussed the Act's exclusivity provision and concluded that "the action here could be maintained only if the accidental personal injury which resulted in the [decedent's death] did not arise out of and in the course of her employment." *Id.* at 453. The Court found that the uncontradicted evidence established that the decedent's death had occurred during the course of her employment. *Id.* at 457-58. The Court held, therefore, that the decedent's death was compensable under the Act and that the employer's "liability was confined to that compensation[.]" *Id.* at 458.

In *Austin v. Thrifty Diversified, Inc.*, 76 Md. App. 150 (1988), this Court considered whether the parents of a welder who was killed at his place of employment could bring a wrongful death action against the decedent's employer. *Id.* at 151-52. At the time of his death, the decedent had been using his employer's welding equipment, outside of the employee's normal work hours, to repair a friend's automobile. *Id.* at 153. After the decedent's parents filed suit, the employer moved for summary judgment on the grounds that the parents' exclusive remedy was under the Workers' Compensation Act. *Id.* at 152. The court agreed and granted summary judgment in favor of the employer. *Id.* The parents noted an appeal in this Court, arguing that the Workers' Compensation Act was inapplicable because the decedent's injury did not arise out of his employment. *Id.* at 154-55. We disagreed and affirmed. *Id.* at 156-64. In so doing, we explained that, because it was undisputed that the employer had maintained workers' compensation insurance covering the decedent, "unless the personal injury did not arise out of or in the course of employment, [the parents of the decedent] may not maintain this wrongful death action." *Id.* at 156. We ultimately concluded that, under the facts of the case, the decedent's fatal injury had arisen in the course of his employment. *Id.* at 156-64. We held, therefore, that the parents' exclusive remedy was under the Workers' Compensation Act. *Id.* at 164.

Turning back to the instant case, we hold that Jenway's liability in relation to the decedent's death was exclusively within the Worker's Compensation Act and that, consequently, Ms. Ledford's wrongful death action was properly dismissed. When we consider the plain language of the Act, the legislature's purpose in enacting the Act, and the relevant case law, we reach the inescapable conclusion that, when a covered employee

11

is injured or killed in the course of his or her employment, the employer's liability and any recovery resulting from that liability are exclusive to the Act, regardless of whether an otherwise proper wrongful death plaintiff is entitled to benefits under the Act. Although our courts have never expressly held that the Workers' Compensation Act's exclusivity provision applies to non-dependents, our courts have unwaveringly held that, absent the two exceptions set forth in § 9-509, an employer's liability under the Act is exclusive whenever a covered employee is injured or killed during the course of his or her employment. Our courts have maintained that position even in situations in which a wrongful death plaintiff may have been precluded from recovering under the Workers' Compensation Act. *See, e.g., Knoche*, 282 Md. at 457-58 (holding that the plaintiff's wrongful death suit was barred by the Workers' Compensation Act, where the wrongful death suit was brought, in part, for the benefit of the decedent's parents); *Austin*, 76 Md. App. at 156 (same). Ms. Ledford fails to cite, and we could not find, any case in which either this Court or the Supreme Court of Maryland has held that a wrongful death plaintiff's status as a dependent of the deceased was relevant in determining the pertinence of the Workers' Compensation Act's exclusivity provision. On the other hand, our courts have consistently held that the Act is applicable and exclusive whenever a covered employee is injured during the course of his or her employment. The loss of Ms. Ledford's father is undoubtedly a tragedy for her. Nonetheless, we see no compelling reason to divert from that long-standing precedent. As such, the only way Ms. Ledford could maintain her wrongful death action would be if Jenway either had failed to secure compensation or had deliberately caused her father's death. Because neither exception applied, Jenway's

12

liability was limited to the Workers' Compensation Act, and Ms. Ledford's wrongful death complaint was properly dismissed.

Ms. Ledford argues that conferring absolute immunity on an employer regardless of whether the aggrieved party would be entitled to benefits under the Act ignores § 9-509(b) of the Act, which, according to Ms. Ledford, limits only the rights of eligible receivers under the Act. She asserts that, had the legislature intended to confer absolute immunity upon employers, it would not have included § 9-509(b).

We disagree. As noted, the exclusivity provision of the Workers' Compensation Act reads:

> (a) *Employers.* – Except as otherwise provided in this title, the liability of an employer under this title is exclusive.
>
> (b) *Covered employees and dependents*. – Except as otherwise provided in this title, the compensation provided under this title to a covered employee or the dependents of a covered employee is in place of any right of action against any person.

L&E § 9-509.

We see nothing conflicting about those two provisions, nor do we read part (b) in the manner championed by Ms. Ledford. Part (a) limits an employer's liability under the Act, while part (b) eliminates "any right of action against any person" and replaces it with "the compensation provided under this title to a covered employee or the dependents of a covered employee[.]" That language is wholly consistent with the Act's purpose, which was to "give[] to labor what it never had before, and [take] from capital what it had always enjoyed, and [compensate] the latter by limiting its liability[.]" *Victory Sparkler*, 147 Md. at 376. In other words, the statute gives employees something they never had before

(guaranteed compensation under the title), takes from employers something they have always enjoyed (the right to certain defenses), and compensates employers by limiting their liability and making the compensation provided under the Act exclusive to any right of action against any person. The statute does not, as argued by Ms. Ledford, limit only the rights of eligible receivers under the Act. Instead, the statute reflects the legislature's intended goal of providing covered employees and their dependents with guaranteed compensation while limiting an employer's liability.

In looking at other provisions of the Act, we find further support that the legislature did not intend to limit the Act's exclusivity provision to covered employees and their dependents. Section 9-509(d) states that, if an employer deliberately kills a covered employee, an action for damages may be brought by "a surviving spouse, child, or dependent of the covered employee[.]" L&E § 9-509(d). Section 9-684 states that, "[i]f there are no dependents, the liability of an employer or its insurer shall be limited to: (1) medical services or treatment under Part IX of this subtitle; (2) funeral benefits under Part XIII of this subtitle; and (3) assessments under § 9-1008 of this title." L&E § 9-684. Section 9-689 states that, "[i]f there are no dependents, the employer or its insurer shall pay the expenses of the last sickness and funeral expenses of the covered employee." L&E § 9-689(c). Clearly, the legislature understood that a covered employee killed by a workplace accident may not have any dependents, or that a child who is not a dependent of the covered employee may have an action for damages against the employer. By including those provisions, the legislature signaled that the Act was exclusive to dependents and non-dependents alike.

14

Ms. Ledford argues that making the Act exclusive to all plaintiffs "suggests an oxymoronic intent to create an exclusive remedy to no remedy" because she, as a non-dependent, had no ability to recover workers' compensation benefits. She argues that extinguishing her right to bring a wrongful death claim without replacing it with a remedy offends Article 19 of the Maryland Declaration of Rights, which provides that "every man, for any injury done to him in his person or property, ought to have remedy by the course of the Law of the Land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the Land." Md. Const., Decl. of Rts. art. 19.

We remain unpersuaded. There is nothing "oxymoronic" about the legislature's intent in limiting an employer's liability by preventing certain groups, *i.e.*, non-dependents, from bringing a wrongful death claim when a covered employee is killed during the course of his or her employment. Again, the Workers' Compensation Act was enacted to effect a compromise between employers and employees whereby employees (or their dependents) would receive guaranteed compensation without the vagaries and expense of litigation, and employers, provided they complied with the fund's compensation requirements and did not deliberately cause the employee's injury, would be granted immunity from tort liability. Extending that immunity to all tort actions, including those brought by non-dependents, is consistent with the clear purpose of the Act.

Moreover, the extinguishment of Ms. Ledford's right to bring a wrongful death action did not offend the Maryland Declaration of Rights. First, as noted, the legislature did include certain provisions in the Act whereby a non-dependent could recover.

15

Therefore, the legislature did not, as Ms. Ledford suggests, extinguish her right without replacing it with a remedy. Nevertheless, simply extinguishing a right without replacing it with a remedy does not, by itself, offend the Maryland Declaration of Rights. *See Piselli v. 75th St. Med.*, 371 Md. 188, 206 (2002) (footnote omitted) (noting that, while Article 19 "generally prohibits unreasonable restrictions upon traditional remedies or access to the courts[,]" it nevertheless "allows the Legislature, pursuant to its authority to change the common law or statutory provisions, to enact reasonable restrictions upon traditional remedies or access to the courts"). In fact, the Maryland Code is replete with examples of the legislature placing restrictions on a litigant's right to maintain a court action. *E.g.,* CJP § 5-101 *et seq.* (establishing time limitations on civil actions); CJP § 5-401 *et seq.* (limiting actions against certain businesses, associations, and charities); CJP § 5-501 *et seq.* (limiting actions against certain governmental actors).

Finally, we find nothing inherently wrong with construing the Workers' Compensation Act in a manner that limits a litigant's rights under the Wrongful Death Act. *See generally Powell v. Erb*, 349 Md. 791, 801-02 (1998) (explaining that there is no conflict between the Workers' Compensation Act and the Wrongful Death Act and that "[t]he two acts are in *pari materia* and must be construed together"). "Statutes in derogation of the common law, including Maryland's Wrongful Death Act, must be strictly construed." *Wadsworth v. Sharma*, 479 Md. 606, 620 (2022). The Workers' Compensation Act, on the other hand, is remedial and must be liberally construed to effectuate its purpose. *Montgomery Cnty. v. Robinson*, 435 Md. 62, 82-83 (2013). Given that the Workers' Compensation Act was enacted after the Wrongful Death Act, and given

16

the clear intent by the legislature to limit an employer's liability for workplace accidents, we must construe the Workers' Compensation Act's exclusivity provision as barring Ms. Ledford's right to bring a claim pursuant to the Wrongful Death Act. Construing the two acts in favor of Ms. Ledford would provide benefits not intended by the legislature. *See Tortuga, Inc. v. Wolfensberger*, 97 Md. App. 79, 83 (1993) (noting that, although any ambiguity in the Workers' Compensation Act should generally be construed in favor of the claimant, such deference does not "mean that the Act should be construed to provide for benefits beyond those authorized by its provisions").

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**